ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

LON R. LEAVITT
Assistant United States Attorney
Utah State Bar No. 11245
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7693
Lon.R.Leavitt@usdoj.gov

*Attorneys for R. Alexander Acosta, Secretary of Labor, United States Department of Labor*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

R. Alexander Acosta, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

Local 7040, Communications Workers of America,

Defendant.

**COMPLAINT**

R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary Acosta"), alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483, for a judgment (a) declaring void the primary election of union officers on November 15, 2017, and the runoff election of union officers on December 15, 2017, conducted by Local 7040, Communications Workers of America ("Local 7040") for the offices of President, Executive Vice President, Vice President, Secretary-Treasurer, and Area Representative 1; (b) directing Local 7040 to

conduct a new election for these offices under Secretary Acosta's supervision; and (c) awarding other appropriate relief.

**I.**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

**II.**

**PARTIES**

4. Secretary Acosta is the duly appointed Secretary of Labor, United States Department of Labor, and is authorized to bring this action under 29 U.S.C. § 482(b).

5. Local 7040 is, and at all times relevant to this action has been, an unincorporated association residing in Maricopa County, Arizona, within the Court's jurisdiction.

6. Local 7040 is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 402(i) and (j) and 481(b).

**III.**

**FACTUAL ALLEGATIONS**

7. Local 7040, purporting to act pursuant to its Bylaws and the Constitution of the Communications Workers of America ("CWA"), conducted a primary election of officers on November 15, 2017. The election was subject to the provisions of 29 U.S.C. §§ 481-483. The election concluded when, on December 15, 2017, Local 7040 conducted a runoff election for the offices of President and Executive Vice President.

8. CWA District 7 Representative Paul Castaneda served as the administrator for Local 7040's 2017 election of officers.

/ / /

9. On about October 23, 2017, Local 7040 mailed to each of its members a "ballot package," consisting of a postcard with the member's name and address on the front and, on the back, instructions on how to use the online voting system and the member's unique voter key, a personal identifier that was the only login credential required to cast a ballot in the primary election.

10. On about November 22, 2017, similar ballot packages containing new unique voter keys for the runoff election were mailed in sealed envelopes to members.

11. All undeliverable ballot packages were returned by the United States Postal Service ("USPS") to Mr. Castaneda's office in Phoenix, Arizona.

12. When ballot packages were returned as undeliverable to Mr. Castaneda's office, they were placed in a locked box. No efforts were made to find updated mailing addresses for any of those members whose ballot packages had been returned. Mr. Castaneda mailed new ballot packages to members only when members contacted him by email or telephone and requested duplicate ballot packages. The returned undeliverable ballot packages were accessible only to Mr. Castaneda and his office staff.

13. Of the 93 members whose ballot packages were returned as undeliverable in the primary election, two members requested and were sent duplicate ballot packages. Of the 73 members whose ballot packages were returned as undeliverable in the runoff election, 10 members requested and were sent duplicate ballot packages.

14. In the primary election, 91 unresolved ballot packages were never re-mailed to members, including 11 ballot packages that had forwarding addresses provided by USPS. These 91 members were therefore unable to vote in the primary election.

15. In the runoff election, 63 unresolved ballot packages were never re-mailed to members, including one ballot package that had a forwarding address provided by USPS. These 63 members were therefore unable to vote in the runoff election.

16. The largest vote margin for any contested race in the primary election was 21 votes. The largest vote margin for the runoff election was 11 votes.

/ / /

17. By letter dated December 20, 2017, to Local 7040's Election Committee, Ronald Simpson, a member in good standing, protested the election.

18. By letter dated January 15, 2018, the Election Committee denied the protest.

19. By letter postmarked January 30, 2018, Mr. Simpson appealed the decision of the Election Committee to Local 7040's Executive Board.

20. By letter dated February 13, 2018, the Executive Board denied the appeal.

21. By letter dated February 15, 2018, Mr. Simpson appealed the decision of the Executive Board to the CWA District 7 Vice President.

22. By letter dated March 12, 2018, the CWA District 7 Vice President denied the appeal.

23. By letter dated March 27, 2018, Mr. Simpson appealed the decision of the CWA District 7 Vice President to the CWA National President.

24. Having invoked his union remedies for three calendar months without receiving a final decision, Mr. Simpson filed a complaint with Secretary Acosta on April 16, 2018, within one calendar month as required by 29 U.S.C. § 482(a)(2).

25. By letter dated May 2, 2018, the CWA National President denied the appeal.

26. Pursuant to 29 U.S.C. § 521, and in accordance with 29 U.S.C. § 482(b), Secretary Acosta, through his designees, investigated the complaint and, as a result of the facts shown by the investigation, found probable cause to believe that (1) a violation of 29 U.S.C. §§ 481-483 had occurred in the conduct of Local 7040's primary election and its runoff election and (2) that such violation has not been remedied.

## IV.

## CAUSE OF ACTION

27. "[E]very member in good standing . . . shall have the right to vote for or otherwise support the candidate or candidates of his choice." 29 U.S.C. § 481(e).

28. Local 7040 violated 29 U.S.C. § 481(e) during the conduct of the primary and runoff elections by failing to obtain updated addresses for undeliverable ballot packages and by failing to re-mail undeliverable ballot packages to members, even though forwarding

addresses were provided by USPS.

29. Local 7040's violation of 29 U.S.C. § 481(e) may have affected the outcome of the elections for the offices of President, Executive Vice President, Vice President, Secretary-Treasurer, and Area Representative 1.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, Secretary Acosta respectfully requests that the Court enter judgment under 29 U.S.C. § 482(c):

(a) declaring Local 7040's election for the offices of President, Executive Vice President, Vice President, Secretary-Treasurer, and Area Representative 1 to be void;

(b) directing Local 7040 to conduct a new election for those offices under the supervision of Secretary Acosta or his designees;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted this 14th day of June, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

s/ Lon R. Leavitt

LON R. LEAVITT
Assistant United States Attorney

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Deputy Associate Solicitor

WILLIE B. WHITE
Senior Attorney

United States Department of Labor